# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

BL CELSKI, LLC, a Washington limited
liability company, TRENT MINCH,
KARRIE MINCH,

            Plaintiffs,

-vs-                                              Case No. 2:11-cv-503-FtM-99DNF

LAFARGE NORTH AMERICA, INC., ,

            Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

> **MOTION:**    **MOTION TO AMEND COMPLAINT** (Doc. No. 25)
>
> **FILED:**      February 1, 2012
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    The Plaintiffs, BL Celski, LLC, Trent Minch and Karrie Minch are requesting leave to amend the Complaint to add twenty-three[1] Plaintiffs. The Court will construe the motion as a Motion for

---

[1] The Reply (Doc. 30) asks that the Court allow permissive joinder of 23 proposed new Plaintiffs. However, twenty-four Plaintiffs are listed in the caption of the Amended Complaint. The Court does not find any substantive allegations including a jurisdictional statement for the Plaintiff, Terrance Williams.

Permissive Joinder. The Defendant, Lafarge North America, Inc. ("Lafarge") filed a Response in Opposition (Doc. 26) on February 14, 2012, and the Plaintiffs filed a Reply (Doc. 30) on March 7, 2012.

**I. Allegations in Original Complaint**

In the original Complaint (Doc. 2), the Plaintiffs allege that Lafarge gypsum drywall was installed in the Plaintiffs' homes and it was contaminated with SRB (sulfur reducing bacteria) which emits harmful and corrosive hydrogen sulfide gas, causing oxidation of various metals located throughout the home. (Com., Doc. 2, ¶18). Allegedly, metal components such as dishwashers, microwaves, and other household appliances prematurely oxidized and then fail. (Com., Doc. 2, ¶18). The Plaintiffs contend that the hydrogen sulfide that is released from the defective drywall causes people to suffer allergy-type symptoms, such as coughing, sinus and throat infections, eye irritations, respiratory problems and other health concerns. (Com., Doc. 2, ¶20).

The Plaintiff, BL Celski, LLC purchased a home in Cape Coral in 2008 to be used for rental property. (Com. Doc. 2, ¶23). The home was built in June of 2005. (Com. Doc. 2, ¶23). The tenants notified BL Celski, LLC in November 2009 that the plumbing fixtures had signs of oxidation and corrosion, and the tenants moved out as well. (Com. Doc. 2, ¶¶24, 25). The home also had problems with copper ground wires and other wiring. (Com. Doc. 2, ¶26).

The Minches purchased a home in Mims, Florida in 2008. (Com. Doc. 2, ¶28). The thermostat had to be replaced in 2010, as well as the air conditioner coils due to severe corrosion. (Com. Doc. 2 ¶29). Thereafter other items such as ground wires began to corrode as well as the copper piping in the home. (Com. Doc. 2, ¶29). The drywall within the home was manufactured by Lafarge

and the Plaintiffs allege the Lafarge drywall caused this damage. The Plaintiffs bring causes of action for negligence, strict products liability, and breach of implied warrant of merchantability.

### II. Allegations in Proposed Amended Complaint

The proposed new Plaintiffs have the same general allegations concerning the defective drywall produced by Lafarge. The Plaintiffs have added jurisdictional statements as to the twenty-three Plaintiffs. The Plaintiffs' residences at issue are located throughout Florida, including Mims, Pensacola, Hudson, Cape Coral, Lake Worth, Okeechobee, Punta Gorda, Homestead, St. Cloud, Port Orange, and Orlando. (Amended Com. ¶6-21). The homes were build and purchased by the Plaintiffs at various times and the Plaintiffs noticed a problem with the homes in various years. The same legal claims are raised in the Proposed Amended Complaint as in the original Complaint.

### III. Permissive Joinder

The Plaintiffs are requesting leave to add twenty-three more Plaintiffs to this case. The Plaintiffs state in their Reply (Doc. 30) that they are attempting to add these Plaintiffs pursuant FED. R. CIV. P. 20, the permissive joinder rule. Plaintiffs may join an action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (b) any question of law or fact common to all plaintiffs will arise in the action.

FED. R. CIV. P. 20(a)(1). To establish permissive joinder of a plaintiff, the party must establish "1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2) some question of law or fact common to all persons seeking to be joined."

*Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1323 (11th Cir. 2000) (overruled on other grounds as stated in *Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003)). The court has broad discretion when determining whether to join parties to an action. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). The underlying purpose of allowing joinder is to "promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander*, 207 F.3d at 1323.

As to the first requirement that the claims must arise out of the same transaction or occurrence, courts have referred to FED. R. CIV. P. 13(a)'s compulsory counterclaim for guidance. *Smith v. Trans-Siberian Orchestra*, 728 F. Supp.2d 1315, 1319 (M.D. Fla. 2010). In the Eleventh Circuit courts employ the logical relationship test. *Id*. (citing *Republic Health Corp. v. Lifemark Hosp. of Fla.,* 755 F.2d 1453, 1455 (11th Cir. 1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id*., (citing *Republic Health Corp.*, 755 F.2d at 1455).

In this case, one fact is the same for all of the Plaintiffs, namely all of the residences in question have some allegedly defective drywall manufactured by Lafarge that caused damage to the residences and harm to the people occupying the residences. The other facts are specific to each residence or each Plaintiff. The allegedly defective drywall was installed at different times, and came from different manufacturing lots. The residences are located throughout the state of Florida and have different environmental conditions. The Plaintiffs have failed to allege that the drywall involved in each instance alleged is the same exact type of drywall, and have alleged that the damages to each residence and each Plaintiff differ. There are no allegations that the builders of the homes are the

same or that Lafarge drywall was the sole brand or manufacturer of all of the drywall used in the homes.

As to the second requirements for joinder, the legal claims are the same for all of the Plaintiffs. The Plaintiffs are alleging negligence, strict liability, and breach of implied warranty of merchantability. Therefore, the legal claims are common to all of the Plaintiffs. However, the facts of each of the Plaintiffs' cases have only one common element, that some of the allegedly defective drywall in each of the Plaintiffs' homes was manufactured by Lafarge. The other facts, as stated above are unique to each one of the residences of the Plaintiffs.

The Court's consideration is whether bringing all of these claims in one case will promote judicial economy by eliminating unnecessary replication in lawsuits and will expedite the resolution of all disputes. Based upon the allegations in the proposed Amended Complaint, the Court does not find that adding twenty-three additional Plaintiffs would be more efficient than having the Plaintiffs file separate suits. The new Plaintiffs have different facts and circumstances for each of their alleged claims. Discovery and potential discovery issues would differ as all of the drywall was not installed or manufactured at the same time. Experts would need to analyze each home for the installed drywall as well as analyze the distinct damage to each home and to each person. The homes are located throughout Florida making the environmental circumstances different. Therefore, the Court does not find that permissive joinder is warranted in this case.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Motion to Amend Complaint (Doc. 25) which is construed as a Motion to Add Parties be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __23rd__ day of March, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record